```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
MICHAEL ROSE,                      )
                                   )
       Plaintiff,                  )
                                   )
    v.                             )   C.A. No. 23-13 WES
                                   )
JOHN DAVIS a.k.a. JACK DAVIS,      )
                                   )
       Defendant.                  )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This case arises from a business arrangement gone sour. Pro se Plaintiff Michael Rose brings this unjust enrichment case against his former business partner, Defendant John Davis. Now before the Court are Defendant Davis's Motions to Dismiss, ECF No. 9, and for a More Definite Statement and to Strike, ECF No. 10. For the reasons provided below, the Court GRANTS in part and DENIES in part both motions.

I. Background

Plaintiff alleges the following: Plaintiff is a real estate broker in Florida. Pleadings 1, ECF No.1-2. At the time in question, Defendant was a real estate broker operating out of

Massachusetts.[1]  Id.  In 2012, Plaintiff approached Defendant and orally offered that he and Defendant "equally split all commissions or fees generated through real estate closings [or] transactions . . . . [entered into] either independently or collaboratively." Id.  Defendant agreed.  See id.  Thereafter, Plaintiff independently executed three deals.[2]  Id. at 2-3.

The first of these deals involved real estate in Stillwater, Oklahoma, and closed on April 1, 2014.  Id. at 3.  In May 2014 Plaintiff closed a second deal in Waco, Texas.  Id.  The third and final deal involved real estate in Flagstaff, Arizona, and closed on October 1, 2019.  Id.  Pursuant to the oral agreement, Plaintiff split the fees and commissions he earned with Defendant, sending a total of $147,681.65, fifty percent of Plaintiff's total earnings from the independent deals, to Defendant.[3]  See id. at 2.  Plaintiff alleges that during this time Defendant also independently negotiated and closed an unspecified number of deals but never

---

[1] Defendant has since relocated to Rhode Island. Pleadings 1, ECF No. 1-2.

[2] During this time, Plaintiff also negotiated three deals with Defendant. Pleadings 2.  The funds transferred as part of these deals are not at issue.

[3] For the first two deals, Plaintiff sent Defendant a total of $97,681.65 split between two payments.  Pleadings 3.  For the third, he transferred $50,000.  See id.

shared his commissions with Plaintiff. Id. at 3.

Plaintiff brought this lawsuit alleging that Defendant was unjustly enriched by the three payments because Defendant never held up his end of the bargain to share the commissions made from deals he entered into independently. In response, Defendant filed a motion to dismiss arguing that the statute of limitations has run with respect to the first two deals, so the corresponding unjust enrichment claims must be dismissed. Defendant further contends that, as a result, this Court no longer has jurisdiction because the dismissal of the first two unjust enrichment claims lowers the jurisdictional amount to below the requisite $75,000. Defendant has also filed a motion for a more definite statement and to strike.

II. Discussion

    A. Motion to Dismiss

        1. Legal Standard

To survive a motion to dismiss, a complaint must set forth sufficient facts to establish a "claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the Court need not find the claim to be probable, it must find the claim to be more than merely possible in order for it to withstand a motion to dismiss for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Claims

comprised of "meager, vague, or conclusory" statements are insufficient and should be dismissed. Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021) (citing SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume the truth of well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). When a claimant is pro se, their complaint is construed "liberally." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

2. Statutes of Limitations

Defendant argues that Plaintiff's first two unjust enrichment claims, connected to the 2014 payments, are barred by the applicable statute of limitations. Mot. Dismiss 3, ECF No. 9. Specifically, Defendant argues that the applicable law is either Massachusetts (the state where he was located at the time in question) or Florida (the state where Plaintiff was located at the time in question), and that the claims are barred under either

statute of limitations.4  Id. at 4.

For unjust enrichment claims, Florida applies a four-year statute of limitations, Fla. Stat. § 95.11(3)(j); Wang v. Revere Capital Management, LLC, CASE No. 22-CV-80884-RUIZ/MAYNARD, 2023 WL 2198570, at *7 (S.D. Fla. Feb. 15, 2023), while Massachusetts applies a six-year statute of limitations, Mass. Gen. Laws ch. 260, § 2; AA & D Masonry, LLC v. South St. Bus. Park, 107 N.E.3d 1229, 1233 n.10 (Mass. App. Ct. 2018).  Thus, Defendant argues that, under either, the claims related to the 2014 deals are untimely as it has been just over nine years since Plaintiff transferred the money.  Mot. Dismiss 4.  Although Plaintiff seems to object to the very idea that a specific law should apply at all, he advocates for application of Rhode Island's ten-year statute of limitations, see R.I. Gen. Laws § 9-1-13, as Rhode Island is the forum state.  In addition, he argues that even if Florida's or Massachusetts's statute of limitations applies, the running of the statute of limitations was tolled, making both claims timely.5  Fact Sheet 1, ECF No. 1-1; Am. Resp. 1, ECF No.

---

4 Defendant specifically advocates for application of Florida law.  However, given the Court's determination, infra, it need not decide which law applies.

5 Plaintiff refers to his tolling argument as the "continuing offense doctrine."  Fact Sheet 1, ECF No. 1-1; Am. Opp'n 3, ECF No. 18.  However, his legal arguments are more akin to advocating application of the discovery rule.  See, e.g., id. at 5.  This

18.

Because this Court sits in Rhode Island and this case is based on diversity jurisdiction, it uses Rhode Island choice of law rules to determine which statute of limitations applies. The Rhode Island Supreme Court utilizes an interest-weighing approach to determine which statute of limitations should apply in situations such as this. See Webster Bank, Nat'l Ass'n v. Rosenbaum, 268 A.3d 556, 560 (R.I. 2022). This approach requires review of "the particular facts [to] determine therefrom the rights and liabilities of the parties in accordance with the law of the state that bears the most significant relationship to the event and the parties." Id. (quoting Harodite Indus., Inc. v. Warren Elec. Corp., 24 A.3d 514, 534 (R.I. 2011)).

Under the interest-weighing approach, the Court analyzes the following factors: "(1) Predictability of results. (2) Maintenance of interstate and international order. (3) Simplification of the judicial task. (4) Advancement of the forum's governmental interests. (5) Application of the better rule of law." Id. at 561 (quoting Woodward v. Stewart, 243 A.2d 917, 923 (R.I. 1968)).

Despite Plaintiff's arguments to the contrary, none of these factors point to application of Rhode Island's statute of

---

distinction is immaterial, however, as neither doctrine applies to save his untimely claims. See infra at n.8 and accompanying text.

limitations because Rhode Island's only connections to this dispute are that Defendant now lives here and the action was commenced here.  Rhode Island has no significant relationship to the event and parties in this dispute.  See id. at 560.

Further, the Court need not determine whether Florida or Massachusetts law applies[6] because regardless of which law is applied the result will be the same: Plaintiff's claims regarding the 2014 payments are untimely.

Under Florida law, "[t]he time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues."  Fla. Stat. § 95.031.  "The statute of limitations for an unjust enrichment claim begins to run at the time the alleged benefit is conferred and received by the defendant."  Flatirons Bank v. Alan W. Steinberg Ltd. P'ship, 233 So. 3d 1207, 1213 (Fla. Dist. Ct. App. 2017).  Here, the statute began to run when Plaintiff transferred the money from the two deals to Plaintiff in 2014.  Further, given the rigid statutory framework governing statutes of limitations, the Florida Supreme Court has clarified that unjust enrichment claims are not subject to tolling or accrual exceptions.  R.R. v. New Life Cmty. Church

---

[6] The Court notes that the answer to this question may differ when it comes to what law might apply to the 2019 claim given that Defendant moved to Rhode Island in 2017.  See Def.'s Supp. Mem. Law 2 n.3, ECF No. 26.

of CMA, Inc., 303 So. 3d 916, 923 (Fla. 2020). Accordingly, regardless of how the Court classifies Plaintiff's "continuing violation" argument, see supra n.5, under Florida law the claims relating to the 2014 payments are barred as untimely.

Massachusetts has a more flexible approach to unjust enrichment claims. The Supreme Judicial Court has adopted "a discovery rule for the purpose of determining when a cause of action accrues, and thus when the statute of limitations starts to run." Bowen v. Eli Lilly & Co., 557 N.E.2d 739, 741 (1990); see also AA & D Masonry, 107 N.E.3d at 698. Under the rule, "a cause of action accrues for purposes of the statute of limitations on the happening of an event likely to put the plaintiff on notice of facts giving rise to the cause of action." AA & D Masonry, 107 N.E.3d at 1234 (quoting Demoulas v. Demoulas Super Mkts., Inc., 677 N.E.2d 159, 174 (Mass. 1997)). "A plaintiff may be put on 'inquiry notice' [that a cause of action has accrued] where it is informed of facts that would suggest to a reasonably prudent person in the same position that an injury has been suffered as a result of the defendant's conduct." Id. at 1234 (quoting Commonwealth v. Tradition (N. Am.) Inc., 71 N.E.3d 142, 150 (Mass. Ap. Ct. 2017)). Massachusetts courts "test the accrual of a cause of action by what a reasonable person in the plaintiff's position would have known 'or on inquiry would have discovered at the various relevant

times.'"  Id. (quoting Bowen, 557 N.E.2d at 743).

Under the alleged circumstances, a reasonably prudent person in Plaintiff's position would have inquired as to the status of the agreement rather than waiting for some potential payment from Defendant.  Given Defendant's status as a real estate broker, it would be unreasonable to assume that between 2012 (the year the agreement was entered into) and 2023 (the year Plaintiff filed suit) Defendant did not enter into a single real estate contract. At the very least, it would be unreasonable to not inquire as to the status of the agreement, especially after transferring profits from his own independent real estate deals.[7]  See AA & D Masonry, 107 N.E.3d at 1235 (holding that the discovery rule did not apply where a reasonably prudent plaintiff would have inquired after not receiving payment).  Given the relationship between the parties, Plaintiff could have easily reached out to Defendant to inquire and could have expected an honest reply.  Thus, the Court agrees with Defendant that a reasonably prudent person in Plaintiff's position would have inquired about the status of the deal, and, therefore, Plaintiff cannot take advantage of the discovery rule.[8]

---

[7] Indeed, Plaintiff himself acknowledges, "I should have asked him."  Ans. Mot. Dismiss 4, ECF No. 13.

[8] Similarly, application of the "continuing violation doctrine" does not save Plaintiff's claims.  See supra n.5.  The Massachusetts Supreme Judicial Court has only applied this concept

Accordingly, the Court concludes that, as with the application of Florida law, under Massachusetts law the claims regarding the 2014 payments are untimely. As a result, Defendant's Motion to Dismiss, ECF No. 9, is GRANTED with respect to these claims.

### 3. Subject Matter Jurisdiction

Defendant next argues that dismissal of the first two claims deprives the Court of subject matter jurisdiction because removal of those claims drops the amount in controversy below $75,000. Mot. Dismiss 11.  Defendant is mistaken.

The amount in controversy is determined at the time of filing or removal and "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v.

---

to discrimination cases, see Padmanabhan v. City of Cambridge, 166 N.E.3d 1010, 1017 n.13 (Mass. 2021), and has noted that "[t]his exception for violations of a continuing nature recognizes that some claims of discrimination involve a series of related events that have to be viewed in their totality in order to assess adequately their discriminatory nature and impact," Silvestris v. Tantasqua Reg. Sch. Dist., 847 N.E.2d 328, 338 (Mass. 2006) (quoting Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination, 808 N.E.2d 257, 266 (Mass. 2004)). Here, Plaintiff has not established that such a concept applies to unjust enrichment claims, and the Court is not convinced that the alleged facts set out a series of related events that must be viewed together to fully assess the impact.  See id.

Red Cab Co., 303 U.S. 283, 289-90 (1938)).  Accordingly, dismissal of the first two claims does not deprive the Court of jurisdiction over the third.

B. Motion for a More Definite Statement and to Strike

First, Defendant argues that the Court should order Plaintiff to provide a more definite statement that "eliminates improper argument and rhetorical questions, and complies with the provisions of Rule[s] 8 and 10 of the Federal Rules of Civil Procedure."  Mot. More Definite Statement or to Strike ("Def.'s Mot.") 6, ECF No. 10.

A motion for a more definite statement should be granted where "a pleading to which a responsive pleading is allowed ... is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "Such a motion is appropriate where the pleading fails to 'give[ ] notice of the claim or claims asserted therein.'"  Pranda Jewelry Pub. Co. Ltd. v. PoshMark, Inc., C.A. No. 20-025 WES, 2020 WL 4347272, at *2 (D.R.I. July 29, 2020) (quoting Wheelock v. Rhode Island, No. CA 06-366 S, 2006 WL 3391507, at *1 (D.R.I. Nov. 22, 2006)).  Further, "[a] court may order a more definite statement 'where it is left to guess the legal foundation supporting a plaintiff's claims.'"  Silvia v. Raimondo, C.A. No. 17-310-JJM-LDA, 2017 WL 11477124, at *1 (D.R.I. Sept. 29, 2017) (quoting McMann v. Central Falls Det. Facility

Corp., No. CA 13-570 ML, 2013 WL 5565507, at *6 (D.R.I. Oct. 8, 2013)).

However, courts "are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [courts] hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Here, although Defendant is correct that Plaintiff has included some superfluous and unnecessary material in his pleadings, Defendant has not argued, and the Court has not determined, that the pleadings are so vague or ambiguous that the Defendant cannot craft a response. See Fed. R. Civ. P. 12(e). In fact, Defendant was able to draft a motion to dismiss in response to Plaintiff's pleadings. However, Plaintiff's Response in Opposition, ECF No. 19, indicates his agreement that numbering the paragraphs of the complaint is appropriate.[9] Plaintiff has not,

---

[9] Plaintiff's brief provides "I have numbered the paragraphs and I have also briefly explained what the paragraphs mean." Am. Resp. Opp'n ("Pl.'s Opp'n") 2, ECF No. 19. Thus, although he has acknowledged a willingness to number the allegations in his Complaint, Plaintiff has not provided a workable amended complaint.

12

however, provided an amended complaint that complies with Federal Rule of Civil Procedure 10(b) and, accordingly, is directed to file an amended complaint that includes numbered paragraphs within fourteen days of the entry of this decision.

Finally, Defendant argues that the allegations regarding his character and intent,[10] "attacks" on Defendant's prior counsel,[11] extensive references to confidential settlement communications,[12] "philosophical arguments . . . regarding the nature of American justice," and various exhibits[13] must be stricken. Def.'s Mot. 6-9.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he

---

[10] Defendant takes specific issue with Plaintiff's characterization of him as "mendacious" and the "speculation[s] as to [his] intent." Mot. More Definite Statement or to Strike ("Def.'s Mot.") 6, ECF No. 10.

[11] Defendant argues that Plaintiff's statements regarding Defendant's former counsel—specifically the assertion that Plaintiff plans to file a disciplinary complaint against him—are irrelevant to the claims. Def.'s Mot. 6.

[12] The offending references are present throughout Plaintiff's pleadings and in various exhibits, including a copy of a demand letter sent to Defendant and Defendant's response. Def.'s Mot. 6-7.

[13] Defendant specifically addresses the various exhibits Plaintiff has filed that contain email correspondence between himself and various parties regarding their memories of the events out of which this case arises. Def.'s Mot. 8-9; see ECF Nos. 2, 2-3, 2-7, 2-9, 2-10, 2-11.

court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike "are narrow in scope, disfavored in practice, and not calculated to readily invoke the court's discretion. . . . This is so because striking a portion of a pleading is a drastic remedy and . . . it is often sought by the movant simply as a dilatory or harassing tactic." Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (citations and internal quotation marks omitted). "[T]he movant must demonstrate that prejudice would result if the offending material remained in the pleadings." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 398 (D.R.I. 1998).

In reviewing Defendant's arguments, the Court pays special attention to Plaintiff's pro se status and affords him more leeway than it would a practicing attorney. The Court concludes that Defendant has established prejudice with respect to all references to settlement communications between his counsel and Plaintiff (and Plaintiff's former counsel). Accordingly, all such references as well as the offending exhibits, ECF Nos. 2-6 (response to demand letter), 2-8 (demand letter), 2-11 (attorney email) are stricken. Similarly, the Court agrees that the information contained in ECF No. 2-1 is sensitive and confidential. The Court previously placed this document under seal to protect Defendant's information. Accordingly, Plaintiff is directed to

14

file a redacted version.

With respect to Defendant's other arguments, the Court concludes that Defendant has not established prejudice such that these documents or allegations should be stricken.

III. Conclusion

For the reasons provided above, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss, ECF No. 9. Specifically, the Court grants the Motion only as it relates to Plaintiff's unjust enrichment claims regarding the 2014 payments. Additionally, the Court GRANTS in part and DENIES in part Defendant's Motion for a More Definite Statement and to Strike, ECF No. 10.

IT IS SO ORDERED.

*/s/ WESmith*

William E. Smith
District Judge
Date:  August 21, 2023