UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MICHAEL ROSE,<br>　　Plaintiff,<br><br>　　v.<br><br>JOHN DAVIS, also known as<br>JACK DAVIS,<br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 23-cv-13-MRD-PAS |

ORDER

Melissa R. DuBose, United States District Judge.

Before the Court for consideration is the Magistrate Judge's Report & Recommendation ("R&R") suggesting the Court grant Defendant John Davis' Motions to Dismiss this case under Fed. R. Civ. P. 37(b). ECF No. 63. Plaintiff Michael Rose timely filed an objection. ECF No. 64.[1] After a de novo review of the motions to dismiss guided by Rose's objection, 18 U.S.C. § 636(b)(1), for the reasons explained below, the Court ADOPTS the R&R in its entirety and DISMISSES Rose's complaint.

The Court assumes the parties' deep familiarity with the procedural history of this case, but to set the scene for resolving the now-pending motions to dismiss the Court will briefly sketch the travel of this case using broad strokes, relying on the Court's previous Memorandum and Order granting in part a previous motion to dismiss (ECF No. 27) and the R&R currently under consideration (ECF No. 63)

---

[1] The Court acknowledges receipt of a "revised objection," also timely filed, and relies on the later filed objection in this Order. ECF No. 65.

(including the docket entries cited therein). In January 2023, Rose sued Davis, alleging that: the two real estate brokers had entered into an oral agreement under which they would equally share commissions or fees generated through real estate deals (regardless of whether they had worked together or independently on the deal), Rose subsequently made three payments to Davis, Davis made no payments to Rose, and as a result Davis had been unjustly enriched. ECF No. 27 at 2-3. In August 2023, this Court dismissed two of the three claims asserted as barred by the applicable statute of limitations. *Id.* at 10. This left one claim to litigate related to a 2019 property sale in Flagstaff, Arizona. *Id.* at 2, 15. Rose seeks to recover half of the commission for this closing (approximately $50,000) which he had sent to Davis pursuant to their agreement. ECF No. 63 at 4. The adjudication of this one claim has been mired in discovery disputes ever since, culminating with Davis' two pending motions to dismiss under Fed. R. Civ. P. 37(b) for Rose's failure to comply with court orders related to Davis' interrogatories and requests for production of certain documents. ECF Nos. 45, 46.

"[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." *Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 94 (1st Cir. 2012) (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). Rule 37(b) of the Federal Rules of Civil Procedure details the consequences for the "failure to comply with a court order." (Title caps omitted). The Court is to consider "the totality of the circumstances . . . when assessing the appropriateness of a discovery sanction." *Mulero-Abreu*, 675 F.3d at

2

93. The possible sanctions for "not obeying a discovery order" include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v) (title caps omitted). Dismissal is considered "one of the most draconian sanctions permitted, 'ordinarily . . . employed . . . only when a plaintiff's misconduct is extreme.'" *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young*, 330 F.3d at 81). The First Circuit has long-established "that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." *Angulo-Alvarez v. Aponte de la Torre*, 170 F.3d 246, 252 (1st Cir. 1999) (quoting *Ruiz v. Alegria*, 896 F.2d 645, 649 (1st Cir. 1990)).

The Court notes the following salient details from the discovery odyssey between the parties and with the Court. Davis' initial discovery requests (interrogatories and document requests sent to Rose in April 2024) were met with a combination of partial responses which did not comply with the Rules of Civil Procedure, express refusals to respond, and silence. ECF No. 63 at 5-6. In August 2024, the Magistrate Judge granted Davis' unopposed motions to compel responses to these discovery requests. Text Order 8/20/2024. The Court ordered Rose "to provide complete answers to all interrogatory questions under oath and to respond to the request for production . . . within thirty days" and "cautioned" that if Rose "refused to answer, he [was] at risk that the Court may consider a motion pursuant to Fed. R. Civ. P. 37(b) for failure to comply with this Order, including the possibility that his

3

claims in this case could be dismissed." *Id.* Apparently, Rose's "refusal to answer" certain interrogatories or "produce any documents has persisted" since the August 20 Order. ECF No. 63 at 6. A little over a month later, Davis filed the pending motions to dismiss for failure to comply with the August 20 Order. Rose filed oppositions thereto.

At an "off-the-record" chambers conference held with the parties in January 2025, the Court discussed the outstanding discovery requests and offered more time for Rose to respond and comply with the August 20 Order. *Id.* at 7. Rose indicated he had evidence to produce at trial but told the Court he would not provide further responses to the discovery requests. *Id.* Thereafter, the Court referred the motions to dismiss to the Magistrate Judge, who held a hearing on these motions in February 2025. *Id.* As the Magistrate Judge recounts in the R&R, Davis discussed the prejudice he faced from the lack of discovery material received from Rose given that Rose had indicated in several filings that he had conversations over text messages and emails with witnesses who are critical to the remaining claim for unjust enrichment. *Id.* Rose, to the extent he was willing to address the issue of his outstanding discovery responses, maintained that he could not answer the interrogatories and had no documents to turn over. *Id.* at 8-9. The Magistrate Judge reminded Rose about the August 20 Order advising him that his claim may be dismissed and gave both parties an opportunity to argue for and/or discuss how a sanction less extreme than dismissal could be effective to address the prejudice Davis asserted. *Id.* at 8. Davis made his case for dismissal as the appropriate sanction;

4

Rose held fast to his previously stated positions and suggested the Court dismiss the case so he could appeal and start the case again. *Id.*

The Magistrate Judge found that, despite ample warning of the potential consequences for the continued failure to comply, Rose repeatedly and intentionally refused to comply with the Court's August 20 Order and provide further responses to Davis' discovery requests. *Id.* at 9. The Magistrate Judge noted that Rose's assertions of inability to provide additional responses or any documentation was "disingenuous" given that he had (1) drafted and filed a "dense" (though premature) motion for summary judgment which relied on specific details from communications Rose claimed could not be provided in answers to interrogatories and (2) represented to the Court that he was actively communicating with a key witness in written form. *Id.* The Magistrate Judge ultimately concluded that Rose's noncompliance and "obduracy" as outlined above left the Court with no choice but to recommend dismissal with prejudice. *Id.* at 9-10.

Rose's objection to the R&R frames Davis' discovery requests as "unreasonable and impossible" and continues to assert that he is unable to comply because he "can't produce what he does not have" and the "documents [sought] do not exist." ECF No. 65 at 3-4, 6, 18, 25. As to the interrogatories, Rose claims not to remember any information that would be pertinent to the answers. *Id.* at 6-14. Rose also argues that none of the discovery Davis sought complied with Fed. R. Civ. P. 26(b)(1), *id.* at 4-6, spills much ink challenging Davis' objections to Rose's propounded discovery

5

requests, *id.* at 14-18, and accuses Davis' counsel of employing improper tactics to ensnare Rose as a *pro se* plaintiff, *id.* at 19-21.

The Court notes that Rose does not object to any of the findings in the R&R about his assertions of evidence in his possession to present at trial or the written communications with fact witnesses. He does, however, state that he does not recall explicitly refusing to comply with the August 20 Order – he contends he was simply emphasizing that he could not comply. *Id.* at 23. This Court has, from the case's inception, "pa[id] special attention to Plaintiff's pro se status and afford[ed] him more leeway than it would a practicing attorney." ECF No. 27 at 14. This is evident in the Court's repeated attempts to provide Rose with additional time to comply with the August 20 Order and provide additional responses to the discovery requests as well as the opportunity to articulate why dismissal should not be the chosen sanction. As this Court considers Rose's objection to the R&R, it takes Rose's pro se status in account as part of the totality of the circumstances it must consider as it decides whether to impose the recommended sanction. *See Mulero-Abreu*, 675 F.3d at 93. After careful consideration of all the events in the travel of this case, the Court's prior orders, the R&R, and Rose's objection to the R&R, the Court is left with:

- Rose's undisputed noncompliance with the August 20 Order
- The undisputed finding that Rose asserted he cannot comply with the discovery requests
- The disputed finding that he expressly refused to comply
- The unobjected-to finding that Rose has indicated in filings and during hearings and conferences that he has been in written communication with key fact witnesses
- Repeated opportunities to comply with the discovery requests
- Ample notice of the possible sanction for noncompliance with the Court's Order

6

      The Court concludes that the unobjected-to finding highlighted above belies Rose's obduracy regarding his professed inability to provide additional responses to the discovery. Mindful of the draconian nature of dismissal with prejudice as a consequence for Rose's noncompliance with the Court's Order, the Court concurs with the Magistrate Judge's recommendation to impose this sanction. *See Mulero-Abreu*, 675 F.3d at 94 (affirming dismissal for failure to comply with court orders regarding outstanding requests for interrogatories and requests for production of documents despite explicit warnings of the potential application of this sanction); *Vázquez-Rijos*, 654 F.3d at 128 (affirming dismissal for, among other reasons, flouting court orders); *Angulo-Alvarez*, 170 F.3d at 252 (affirming dismissal of complaint for noncompliance with court's discovery order where court had "clearly warned" the possibility of this sanction); *but see Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5-7 (1st Cir. 2006) (reversing dismissal for noncompliance with court orders when plaintiff had not been given opportunity to explain noncompliance and there was no pattern of ignoring court orders).

      For all of the reasons written above as well as the reasons discussed in the R&R, the Court ADOPTS the entirety of the R&R (ECF No. 63) over Plaintiff Rose's objection and GRANTS Defendant Davis' motions to dismiss with prejudice (ECF Nos. 45, 46). Final judgment shall enter for Defendant Davis.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge


May 20, 2025